UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID THIGPEN | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 CV 9251 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | |
| EDWARD LEE, UNKNOWN | ) | |
| OFFICERS. | ) | |
| Defendant(s). | | |

COMPLAINT AT LAW

NOW COMES, Plaintiff, David Thigpen, by and through his attorney, Jason R. Epstein, complaining against the Defendant Edward Lee of the Chicago Police Department.

1. This action is brought pursuant to the laws of the United States Constitution particularly under the provisions of the Second, Fourth, Sixth, and Fourteenth Amendments, and US statute 42 U.S.C. §1983 and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, David Thigpen, accomplished by acts and/or omissions of the Defendant, Edward Lee and other Chicago Police officers, committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331.

3. The Plaintiff, David Thigpen, was at all relevant times a United States citizen and resident of the State of Illinois.

4. At all relevant times, the Defendant, Edward Lee, was a duly appointed Chicago Police officer acting within his scope of employment and under color of law.

5. At all relevant times, the other unknown defendants were duly appointed Chicago Police officers acting within the scope of their employment and under color of law.

6. On or about October 18th, 2013 the Plaintiff, David Thigpen, was in his vehicle.

7. Words were exchanged between plaintiff and defendant. Plaintiff approached the vehicle of defendant whereupon plaintiff observed a gun pointed at him in the hand of defendant. Plaintiff apologized and defendant responded that youre not sorry yet.

8. Approximately three hours later a team of Chicago police officers arrived at plaintiffs home. Plaintiff was pulled from his home and dragged outside handcuffed and taken to a police station.

9. Plaintiffs home was ransacked and searched.

10. All of Plaintiffs guns were stolen and his car towed from his drive way and impounded.

11. Plaintiff had all weapons legally.

12. The Plaintiff, David Thigpen, was injured.

13. At all relevant times, the Defendants, were acting pursuant to

the customs and policies of the Chicago Police Department.

14. The actions of the Defendants, were intentional, willful and with malice.

15. The detention of Plaintiff by Defendant's constituted an unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

16. Individual defendants entered Plaintiffs' abode without warrant, without probable cause and absent exigent circumstances.

17. Plaintiffs did not consent to defendants' forced entry through Plaintiffs' front door and in Plaintiffs' abode without warrant, without probable cause and absent exigent circumstance.

## COUNT I
## ILLEGAL SEARCH
## FIRST CLAIM FOR RELIEF: FOURTH AMENDMENT TO THE U.S. CONSTITUTION – UNCONSTITUTIONAL SEARCH

18. Individual defendants acted jointly and in concert, with the intent and effect of harming and depriving Plaintiffs of their constitutionally protected rights against unreasonable search and/or seizure and interferences with their property when they forced open Plaintiffs' front door and entered Plaintiffs' abode without warrant, without probable cause and absent exigent circumstance.

19. Said actions of the Defendants, violated the Plaintiff, David Thigpen's, Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

20. As a direct and proximate consequence of said conduct of the Defendants, Plaintiff, David Thigpen, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering.

Wherefore, the Plaintiff, David Thigpen, prays for judgment in his favor and against the Defendant, Edward Lee, in an amount in excess of Sixty Thousand Dollars and 00/100 ($60,000.00) in compensatory damages and Ten Thousand Dollars and 00/100 ($10,000.00) in punitive damages, plus attorneys' fees and costs.

## COUNT II
## FALSE ARREST
### FOURTH AMENDMENT TO THE U.S. CONSTITUTION – UNCONSTITUTIONAL SEIZURE

21. Individual defendants acted jointly and in concert, with the intent and effect of harming and depriving Plaintiffs of their constitutionally protected rights against unreasonable seizure and interferences with their property when plaintiff opened his door and was seized unreasonably without warrant, without probable cause and absent exigent circumstance.

22. Said actions of the Defendants, violated the Plaintiff, David Thigpen's, Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

23. As a direct and proximate consequence of said conduct of the Defendants, Plaintiff, David Thigpen, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering.

Wherefore, the Plaintiff, David Thigpen, prays for judgment in his favor and against the Defendant, Edward Lee, in an amount in excess of Sixty Thousand Dollars and 00/100 ($60,000.00) in compensatory damages and Ten Thousand Dollars and 00/100 ($10,000.00) in punitive damages, plus attorneys' fees and costs.

## COUNT III
## SECOND AMENDMENT
## RIGHT TO BEAR ARMS

24. The Chicago Police Department via the above named officers deprived plaintiff of his constitutional right to bear arms in violation of the Second Amendment of the United States.

25. Plaintiff was in all respects a law abiding gun owner.

26. Defendants deprived plaintiff of his rights pursuant to the Constitution of the United States without any basis, without Due Process of Law.

27. Said actions of the Defendants, violated the Plaintiff, David Thigpen's, Second and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

28. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiff, David Thigpen, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering.

## COUNT III

# INDEMNIFICATION

The Plaintiff, David Thigpen, hereby realleges and incorporates his allegations of paragraphs 1-15 of Count I.

29. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

30. The Defendant, Edward Lee, was an employee of the Chicago Department, who acted within the scope of his employment in committing the misconduct described herein.

Wherefore, should the Defendant, Chicago Police Officers including but not limited to Edward Lee, be found liable for any of the acts alleged above, the Defendant, Chicago, would be liable to pay the Plaintiff, David Thigpen, any judgment obtained against the Defendant, Edward Lee.

JURY DEMAND

The Plaintiff, David Thigpen, hereby request a trial by jury.

Respectfully submitted,

David Thigpen

/s/Jason E. Epstein

Law Office of Jason R. Epstein
55 E. Jackson Ste. 1050
Chicago IL, 60604
312-869-2603